[L. A. No. 413.   In Bank.—June 21, 1899.]

## J. W. LILIENTHAL et al., Respondents, v. S. D. BALLOU et al., Appellants.

Pledge of Merchandise by Partnership—Attachment—Leviable Interest of Pledgors.—A transfer of a stock of merchandise by a partnership to trustees as security for the payment of the claims of certain attaching creditors, who released their attachments when the transfer was made, is in the nature of a pledge, dependent upon actual possession. If the pledge is valid, the firm, as the owner of the property, subject to the rights of the trustees for the creditors, has a leviable interest which may be reached by garnishment; and if it is not valid, the property itself may be seized upon attachment by another creditor of the firm.

Id.—Statute of Frauds—Delivery and Change of Possession.—In order to render such a pledge of the partnership property effective against seizure under an attachment by another creditor of the firm, the delivery to the trustees for the creditors must be as complete, and the actual change of possession as continuous and open, as is required in case of sales of personal property, by section 3440 of the Civil Code.

Id.—Continuance of Managing Partner—Insufficient Change of Possession.—Where the agreement between the firm and the trustees for the creditors provided that the managing partner should be continued in employment, at a salary, subject to the supervision of the trustees, who did not take personal possession, and the business was continued under the control of the same manager, and with the same employees as before, and the conspicuous signs of the partnership were allowed to remain, with a small and less conspicuous sign added, containing the names of the trustees designated as successors to the firm, and the business continued to be advertised extensively in the name of the firm, there was no sufficient change of possession, to prevent seizure of the property under attachment by another creditor of the firm.

Id.—Possession of Pledgors—Attached Property—Effectiveness of Pledge—Actual Change of Possession.—The fact the firm had no actual possession of the attached property, which was in the custody of the sheriff when the agreement for the pledge was made, does not affect the necessity for a transfer of possession of the pledged property, to complete the validity of the pledge. The pledge had no effectiveness until possession was given; and that possession, when given, must be actual, and not constructive, and a change thereof could not be effected by merely having the former owner manage the property as servant of the pledgee.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

William Shipsey, for Appellants.

The transaction was a pledge, but was void for want of a delivery and change of possession. (Civ. Code, sec. 2988.) The transfer was void as to an attaching creditor, under the statute of frauds, for the same reason, independently of any honest intention of the vendor. (Civ. Code, sec. 3440; *Cahoon v. Marshall,* 25 Cal. 201; *Richards v. Schroder,* 10 Cal. 432; *Rothschild v. Swope,* 116 Cal. 670; *Laurence v. Burnham,* 4 Nev. 368.) Property, under attachment, must change possession when the attachment is released. (*Fitzgerald v. Gorham,* 4 Cal. 289; 60 Am. Dec. 616; *Richards v. Schroder, supra; Weil v. Paul,* 22 Cal. 492; *Rohrbough v. Johnson,* 107 Cal. 144; *Levy v. Scott,* 115 Cal. 43; *O'Brien v. Ballou,* 116 Cal. 318.)

W. H. Spencer, for Respondents.

There was sufficient evidence to show the delivery and change of possession, which was notorious, and known to the subsequently attaching creditor. (*Porter v. Bucher,* 98 Cal. 454; *Byrnes v. Moore,* 73 Cal. 393; 27 Am. St. Rep. 215; *Claudius v. Aguirre,* 89 Cal. 501.) Section 3440 of the Civil Code does not apply, because the sheriff had possession of the property when the agreement was made, and that section by its terms only applies to a transfer by a person "having at the time the possession or control of the property."

TEMPLE, J.—This is an action for the recovery of personal property, brought against the sheriff Ballou, and Orman, an attaching creditor. Defendants appeal from the judgment and from an order refusing a new trial. The property was levied upon under a writ of attachment against Phillips Brothers & Co.

On and prior to September 8, 1896, Phillips Brothers & Co. were engaged in merchandising at Arroyo Grande, in San Luis Obispo county. At that time their property was attached by

various creditors, and remained under attachment until October 23, 1896, when it was released in pursuance of an agreement made with all the creditors of the firm except Orman, and transferred to plaintiffs in trust for such creditors. The terms are expressed in the agreement. On the first day of December, 1896, Orman commenced suit to recover a debt due him from the firm, and the goods were levied upon, and the defense in this case consists of a justification under that writ. The question is, whether plaintiffs, under their transfer, can hold against Orman, who was a creditor of the firm before the goods were transferred and also prior to the attachments of the creditors for whom plaintiffs held as trustees.

Phillips Brothers & Co. is a partnership composed of Adolph Phillips and A. L. Phillips. Adolph Phillips had always been the managing partner, L. A. Phillips residing in San Francisco. The agreement was signed by Phillips Brothers & Co. and by sixty-one of their creditors and among other things provided in effect: 1. That the parties appoint plaintiffs trustees, "to receive, manage, operate, use, and dispose of all the aforesaid property of the aforesaid parties of the first part upon the terms and conditions hereinafter mentioned; 2. Parties of the first part will within thirty days convey to trustees all of their property except that which is exempt; 3. The trustees shall receive, manage, operate, use and conduct the merchandise business of said parties of the first part at Arroyo Grande, California, and all assets of property connected therewith, as they the said trustees shall deem meet and proper," with requisite authority, including power to replenish stock for cash from the receipts from the said business; 4. To collect debts due the firm and compromise claims; 5. To conduct the business for six months, and if then found unprofitable may terminate the trust and sell the goods at public or private sale; 6. All "recoveries" to be distributed through the board of trade to the undersigned creditors; 7. During all the time they conduct the business Adolph Phillips, one of the partners, "shall be employed by said trustees and shall give his exclusive time and services to said business, under the supervision of said trustees, and shall receive as remuneration and compensation for his services the sum of one hundred and twenty-five dollars per month"; 8.

Whenever the creditors receive fifty per cent of their claims and all costs, expenses, et cetera, "then this trust shall be terminated and all the aforesaid assets, property, and effects, or the replenishments remaining in the hands of the said parties of the second part, shall be transferred and surrendered unto the said parties of the first part or their nominees."

There were further enumerated conditions which I do not deem important here.

Transfers were made in pursuance of the agreement, and the goods were at once released from attachment, and the store was opened by Adolph Phillips, with the same employees which he had previously had, except the bookkeeper. The store buildings were marked very conspicuously with the signs of Phillips Brothers & Co., which were permitted to remain, but a new sign, much less conspicuous than the others, was put up containing the names of the trustees, and under the names the words, Trustees, Successors to Phillips Brothers & Co. The firm advertised quite extensively. After the transfer, as before, the business was advertised as that of Phillips Brothers & Co., without mention of any change. Money received was deposited in the county bank in the name of the trustees, and the old billheads and receipts were used—the names of the trustees being added by the use of a rubber stamp.

It is evident from the language of the agreement that the transfer to the trustees, who were simply the agents of the first attaching creditors, was for security only. It was not a sale or an absolute transfer of title, even if its validity be conceded. In no event was the property to become the property of the trustees, and they were never to have any rights with reference to it, except to have it sold and the proceeds applied to the payment of their debts, which still were to continue to exist as debts until they were paid or all the property had been sold and the proceeds applied in payment of the debts and costs.

Phillips Brothers & Co. still remained the owners of the property subject to the rights of the trustees to hold it as security, and still had a leviable interest in it, and the only question was, how the levy should be made. It was not a chattel mortgage under the statute, and, therefore, the statutory provisions in regard to levies upon personal property mortgaged do not apply. If it was a valid pledge, or chattel mortgage dependent

on possession, the goods could not be seized, but garnishment was the proper mode. If it was not a valid pledge it was properly attached, and the justification was fully made out.

A pledge is a deposit of personal property as security (Civ. Code, sec. 2986), and is dependent on possession, and is not valid until the property is delivered to the pledgee. (Civ. Code, sec. 2988.) The delivery must be as complete as is required in case of sales of personal property by section 3440 of the Civil Code, and change of possession must be continuous and open. (*George v. Pierce*, 123 Cal. 172.)

In the agreement it was stipulated that the business should be managed by Adolph Phillips under the supervision of the trustees, but the trustees not only did not take personal possession, but they could not take such possession until after the expiration of six months, for they were bound to carry on business for that length of time, and also bound to employ Phillips as manager. And in fact the business did go on as though nothing had happened under the management of Adolph Phillips, who had always been sole manager for the firm.

That this is not a sufficient change of possession is evident. No other authority is required except the case of *George v. Pierce, supra.* If in case of a sale there need not be an immediate delivery when the property is not in the possession of the vendor, that will not help plaintiffs here, for this was not a sale. If the debtors were not then in control of the property, they were in no condition to make a pledge, and in any event it would have no validity until possession was given, and that possession must not be constructive. A change of possession is not effected merely by having the former owner manage the property as the servant, agent or clerk of the pledgee. And this is especially so where there is so little outward sign of a change of ownership. Public policy requires a real and substantial compliance with the statute, and a failure should not be condoned for the hardships of a particular case.

The judgment and order are reversed and a new trial ordered.

Henshaw, J., Harrison, J., Garoutte, J., Beatty, C. J., and Van Dyke, J., concurred.

McFARLAND, J., dissenting.—I dissent and adhere to the

views expressed when the case was decided in Department, which need not be here restated. (*Lilienthal v. Ballou,* 55 Pac. Rep. 251.) The point upon which the majority decision seems to rest, that the transfer from Phillips Brothers & Co. to the plaintiffs was not an absolute sale, but was in the nature of a pledge, was not raised at the trial, and has no place in the transcript. The appellants defended under section 3440 of the Civil Code upon the theory that Phillips Brothers & Co. were in possession at the time of the transfer to the respondents, and that, therefore, if there was not an immediate delivery followed by an actual and continued change of possession, the attempted transfer was void, and the court so instructed the jury; but there was no question raised, so far as I can discover, about the character of the transfer touching the nature of the title or right which passed by it. It appeared that Phillips Brothers & Co. made an absolute deed of the real estate to the respondents and gave an absolute bill of sale of the personal property, and there was no question as to the transfer being a mere pledge. Moreover, section 3440 refers to "every transfer," without reference to the kind of title or right which passes by the transfer, and declares it void for want of change of possession only where the party making the transfer is in possession. In the case at bar, the jury must have found, under the instructions of the court, that Phillips Brothers & Co. were not in possession at the time of the transfer; and therefore section 3440 does not apply. *George v. Pierce, supra,* in my opinion, has no application to the case at bar; it was merely held in that case that there could not be a valid pledge of property without surrendering possession.