550 F.2d 1228
 21 UCC Rep.Serv. 887
 In the Matter of STAFF MORTGAGE AND INVESTMENT CORPORATION,
formerly known as Staff Realty Corporation, dba
Sondo Diagnostic Corporation and dba
Century Seventy-Two
Corporation, Bankrupt.
Andrew C. HUFFMAN and Hazel I. Huffman, Plaintiffs-Appellees,
v.
C. Douglas WIKLE, Trustee, Defendant-Appellant.
 No. 75-3713.
 United States Court of Appeals,
Ninth Circuit.
 March 30, 1977.
 
 John J. Wilson, argued, Hill, Farrer & Burrill, Los Angeles, Cal., for defendant-appellant.
 Richard M. Moneymaker, argued, Moneymaker & Wolfson, Inc., Los Angeles, Cal., for plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before KUNZIG, Judge,* and WALLACE and ANDERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 This appeal involves the question of what constitutes perfection of a security interest in promissory notes secured by trust deeds under §§ 9304 and 9305 of the California Commercial Code. (U.C.C. 9-904 and 9-305). The bankruptcy court found the security interest to be unperfected and entered judgment in favor of the trustee in bankruptcy. The district court reversed, finding that the security interest was perfected and entered judgment in favor of the creditor "secured" parties. The trustee appeals. We reverse the district court and affirm the bankruptcy court.
 
 FACTS
 
 2
 Plaintiffs Andrew C. Huffman and his wife Hazel (the Huffmans) are a retired couple who invested their savings with Staff Mortgage and Investment Corporation (Staff) in order to get a good return on their money. Staff was at that time in the business of buying and selling promissory notes secured by trust deeds on real property. Each such promissory note secured by a trust deed in which Staff had an interest was assigned a "Staff account number" for record keeping and identification purposes. This action involves three of these "Staff accounts."
 
 
 3
 The events leading to this action began with Staff borrowing money from the Huffmans. As evidence of this borrowing, Staff would issue a promissory note payable to the Huffmans. For "added security" on these promissory notes Staff would assign over to the Huffmans one of the above-mentioned Staff accounts which contained the collateral note secured by the trust deed made by third parties and executed to Staff. To effectuate this assignment, Staff stapled a document termed a "Corporation Assignment of Deed of Trust" to these instruments. These documents contained a typed notation which stated that they were assigned as additional security for the promissory notes issued to the Huffmans. These assignments were then recorded in the county where the land was situated and a copy of this recordation was sent to the Huffmans.
 
 
 4
 These instruments in the Staff account were never delivered to the Huffmans. They at all times remained in the physical possession and control of Staff. At no time did the Huffmans ever file any type of a security agreement or financing statement in any location.
 
 
 5
 Two of these Staff accounts being held by Staff for the Huffmans were in default at the time Staff filed bankruptcy. A third account was in a slightly different situation. In this account the third party maker of the promissory note and trust deed defaulted prior to Staff's bankruptcy. Staff requested and obtained from the Huffmans a reassignment of the collateral note and trust deed so that Staff could foreclose on the property. This foreclosure sale occurred prior to bankruptcy and title to the Huffmans' security was vested in Staff on the date of bankruptcy.
 
 
 6
 After the bankruptcy was filed, the Huffmans instituted suit to recover the collateral notes and trust deeds, and to obtain a declaration that the bankrupt estate held title to the foreclosed realty as trustee for the Huffmans.
 
 
 7
 The bankruptcy court held that the security interests claimed by the Huffmans in the collateral notes secured by the trust deeds were never perfected under § 9304(1) of the California Commercial Code. Therefore, the unperfected security interests of the Huffmans were subordinated to the rights of the trustee in bankruptcy pursuant to § 9301 (U.C.C. 9-301) of the California Commercial Code. The bankruptcy court also found that the trustee held all monies collected on the notes, free and clear of the Huffmans' claims, and that the trustee did not hold the foreclosed real estate in any form of trust for the Huffmans.
 
 
 8
 The Huffmans appealed to the district court which reversed the bankruptcy court. The district court ruled that the Huffmans held a perfected security interest because they had "constructive possession" of both the collateralized instruments and the foreclosed real estate. We disagree and reverse.
 
 POSSESSION AND PERFECTION
 
 9
 California Commercial Code § 9304(1) states:
 
 
 10
 "A security interest in chattel paper or negotiable documents may be perfected by filing. A security interest in instruments . . . can be perfected only by the secured party's taking possession, . . ." (emphasis added)
 
 
 11
 § 9305 also requires that only the secured parties, their agent or bailee can have actual possession of the instruments in order to perfect the security interest.
 
 
 12
 The district court, in finding that the Huffmans had "constructive possession", put great reliance on the fact that Staff was acting as the Huffmans' agent.
 
 
 13
 The facts do show that Staff was acting as some sort of a collection agent for the Huffmans in that they collected payments on the collateral notes and then paid over these funds owing on their own promissory notes to the Huffmans. However, the drafters of the Uniform Commercial Code did not intend that a debtor acting as collecting agent for the creditor be the type of agent who could take possession of instruments for the purposes of perfection. For example, Official Comment 2 to U.C.C. § 9-305 states that:
 
 
 14
 "Possession may be by the secured party himself or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." (emphasis added)
 
 
 15
 The district court also placed reliance on the fact that the assignment of the collateral notes and trust deeds had been recorded in the county where the land was located. The court felt that this "served as notice to all interested parties." (C.R. 127). While this may serve as notice to interested parties who check the county records, this is not sufficient notice to perfect a security interest in pledged instruments, nor is it the type of notice intended or provided by the Uniform Commercial Code. Under the Code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee. Had the drafters of the Uniform Commercial Code (or the California legislature, in adopting the U.C.C.) decided that filing an assignment of collateral notes secured by trust deeds in the county where the land is located was sufficient to establish perfection, it certainly was in their power to do so. However, they did not. Since the California Commercial Code and the U.C.C. require actual possession for perfection of the security interests in this case, the district court erred by finding "constructive possession" as satisfaction for the perfection requirements.[1]
 
 
 16
 In deciding this way, we follow the rationale of this court's recent opinion in Heinicke Instruments Company v. Republic Corporation, 543 F.2d 700 (9th Cir. 1976). The Huffmans contend that Heinicke has no application here because it deals with documents of title in Oregon rather than commercial paper in California. While these differences do exist, the rationale used by the Heinicke court still applies to the possession perfection question. We also note that the pertinent parts of the code sections involved in Heinicke are identical to the sections we deal with here. To construe them similarly promotes the Uniform Commercial Code's goal of uniformity.
 
 In Heinicke, this court stated:
 
 17
 The debtor's lack of possession coupled with actual possession by the creditor, the creditor's agent or the bailee serves "to provide notice to prospective third party creditors that the debtor no longer has unfettered use of his collateral." (citations omitted) The notice function of U.C.C. § 9-305 would be defeated if the debtor, or a person under the debtor's control, were left in possession of the collateral; therefore, perfection will not occur under these circumstances even if the creditor makes the debtor his agent or his bailee. (at 702)
 
 
 18
 For the reasons stated, we hold that the Huffmans had an unperfected security interest in the collateral notes secured by the trust deeds at the time the bankruptcy was filed. And, since their interest in the foreclosed real estate was not perfected to begin with, and the foreclosure did nothing further toward perfection, then the real estate cannot be held by the trustee in a "resulting trust" as the Huffmans contend.
 
 
 19
 Without a perfected security interest, the bankruptcy court correctly ruled that the trustee in bankruptcy took the property free and clear of the Huffmans' claims. We therefore reverse and remand to the district court with directions to enter judgment affirming the bankruptcy court.
 
 
 20
 REVERSED.
 
 
 
 *
 The Honorable Robert Lowe Kunzig, Judge,United States Court of Claims, Washington, D. C., sitting by designation
 
 
 [1]
 The Huffmans argue strenuously that prior California case law permits a "temporary" pledge to be held by the debtor (Staff) for "some purposes." E. g., Stephan v. Lagerqvrest, 52 Cal.App. 519, 199 P. 52 (1921); Sequeira v. Collins, 153 Cal. 426, 95 P. 876 (1908). Assuming the present validity of these cases, they provide no surcease from sorrow. Here the possession by the debtor was not "temporary" nor are there any "special circumstances" permitting the debtor for "some purposes" to hold the pledged instruments. The California Supreme Court, in Sequeira, supra, pp. 877, 878, states the traditional rule in this fashion:
 "A pledge is a deposit of personal property as security (Civ.Code, § 2986), and is dependent on possession, and is not valid until the property is delivered to the pledgee (Civ.Code, § 2988). The delivery must be as complete as is required in case of sales of personal property by Section 3440 of the Civil Code, and change of possession must be continuous and open." (quoting Lilienthal v. Ballou, 125 Cal. 183, 57 P. 897) (emphasis added)
 ". . . the change of possession must be actual not merely constructive. Bunting v. Saltz, 84 Cal. 168, 24 P. 167. It must be 'open and unequivocal, carrying with it the usual marks and indications of ownership.' Stevens v. Irwin, 15 Cal. 503, 76 Am.Dec. 500." (emphasis added)
 We are not at liberty to engraft exceptions to the plain language of the Uniform Commercial Code as adopted by California nor as expressed in its case law.