612 F.2d 1197
 28 UCC Rep.Serv. 240
 In re BRUCE FARLEY CORPORATION, a California Corporation, et
al., Bankrupts.
Leroy D. STARR and Velma F. Starr, Plaintiffs-Appellants,
v.
BRUCE FARLEY CORPORATION, a California Corporation, et al.,
Defendants-Appellees.
 No. CV 77-2634.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 1, 1980.
 
 Fred U. Hammett, Jr., Hammett & Madruga, San Diego, Cal., for plaintiffs-appellants.
 J. Terence O'Malley, Gray, Cary, Ames & Frye, San Diego, Cal., Edward L. Kane, La Jolla, Cal., for defendants-appellees.
 Appeal from the United States District Court, Southern District of California.
 Before KILKENNY and ANDERSON, Circuit Judges, and BYRNE, District Judge.*
 WM. MATTHEW BYRNE, District Judge.
 Leroy and Velma Starr appeal from an order of the district court affirming the bankruptcy court's grant of partial summary judgment in favor of the trustee in bankruptcy for the Bruce Farley Corporation ("bankrupt").
 In April, 1970 and July, 1972 third parties executed in favor of bankrupt promissory notes, secured by deeds of trust, as consideration for the purchase of certain properties, referred to as the "Southlook" and "University Heights" properties. On November 1, 1972 bankrupt offered, in writing, to assign to appellants the Southlook and University Heights notes as consideration for the purchase of appellants' property in El Monte, California. Appellants accepted this offer on November 7, 1972.
 The escrow instructions, prepared by a subsidiary of bankrupt, changed the terms of the agreement between bankrupt and appellants to provide that, rather than being assigned outright, the Southlook and University Heights notes would be "pledged" by bankrupt as partial security for its promissory note to appellants and would be retained by bankrupt as appellants' "collection agent." On January 26, 1973 bankrupt executed in favor of appellants promissory notes, secured by the Southlook and University Heights notes, as consideration for the purchase of appellants' property. These promissory notes authorized appellants to collect payments on the Southlook and University Heights notes and to apply the proceeds of those notes to the debt they were pledged to secure. In addition, bankrupt executed declarations of assignment of the Southlook and University Heights notes "as collateral security." Bankrupt and appellants then recorded in San Diego County "Corporation Assignment of Deed of Trust and Request for Special Notice" as to the Southlook and University Heights properties.
 It is not disputed that appellants entered into this transaction only after being assured by bankrupt that bankrupt engaged in these types of transactions regularly, and that the terms of the escrow agreement would protect appellants as adequately and have the same effect as the original agreement to assign the notes outright.
 Toward the end of 1974, bankrupt became continually tardy in forwarding to appellants payments collected under the Southlook and University Heights notes. As a result, appellants requested that the obligors on those notes make payments directly to them rather than to bankrupt. This request was not honored.
 Prior to November, 1974, appellants on several occasions orally requested bankrupt to forward the Funds due on the notes. It appears from the record that appellants also orally requested bankrupt to turn the notes themselves over to appellants, but the record is unclear as to whether such oral request was made before or after November 6, 1974, the date upon which Bruce Farley Corporation filed a voluntary petition under Chapter XI of the Bankruptcy Act.
 On November 12, 1974 and March 11, 1975 appellants made written demands on bankrupt to deliver the Southlook and University Heights notes and deeds of trust to appellants. Delivery of the notes and deeds was never made. On May 30, 1975 and July 21, 1975 Bruce Farley Corporation and several of its subsidiaries were adjudged bankrupt.
 Appellants filed a complaint in the bankruptcy proceedings seeking to reclaim or to impose a constructive trust on the Southlook and University Heights notes and deeds of trust. The bankruptcy court held that, because appellants never had possession of the notes and deeds of trust, appellants had only an unperfected security interest in them, a constructive trust could not be imposed on the notes or deeds in favor of appellants, and appellants' interest in the notes and deeds was therefore subordinate to the interest of the trustee in bankruptcy. The district court affirmed.
 Section 9304(1) of the California Commercial Code states:
 "A security interest in chattel paper or negotiable documents may be perfected by filing. A security interest in instruments . . . can be perfected Only by the secured party's taking possession, . . .." (emphasis added).
 Promissory notes and deeds of trust are instruments, and a security interest in them can be perfected only by possession. See Matter of Staff Mortgage and Investment Corp., 550 F.2d 1228, 1230 (9th Cir. 1977). Merely recording the transaction in San Diego County did not perfect appellants' security interest in the Southlook or University Heights notes or deeds of trust. Id.
 Appellants do not contend that they actually possessed the notes or deeds. Rather, they urge that because bankrupt held the notes and deeds as their "collection agent" they had constructive possession of them. Section 9305 of the California Commercial Code requires that a secured party, its agent or bailee have actual possession of instruments in order to perfect a security interest in them. The debtor cannot qualify as an agent for the secured party for the purpose of perfection. Matter of Staff Mortgage and Investment Corp., supra, 550 F.2d at 1230. Bankrupt, the debtor, had possession of the Southlook and University Heights notes and deeds of trust. Its possession cannot be deemed possession by appellants. The court below was therefore correct in holding that appellants had no more than an unperfected security interest in the notes and deeds of trust.
 State law governs the question whether a trust will be imposed on property in a bankruptcy proceeding. Elliot v. Bumb, 356 F.2d 749, 753 (9th Cir. 1966). Section 2224 of the California Civil Code provides:
 "One who Gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (emphasis added).
 Appellants and bankrupt stipulated for purposes of the motion for partial summary judgment that fraud in the inducement of the transaction occurred as alleged in the complaint. As the bankruptcy court held, however, the Southlook and University Heights notes and deeds of trust were not "gained" by bankrupt as a result of the fraud. Bankrupt gained the notes and deeds in an earlier, unrelated transaction. The only things bankrupt gained by the alleged fraud were the El Monte property deeded to bankrupt by appellants and any proceeds from its resale. The court below was correct in finding that no constructive trust could be imposed on the Southlook or University Heights notes and deeds under Section 2224.
 Appellants urge on appeal that a constructive trust may be imposed on property wrongfully detailed as well as property gained by fraud. Section 2223 of the California Civil Code states:
 "One who wrongfully detains a thing is an involuntary trustee thereof; for the benefit of the owner."
 Appellants contend they had a right to demand that bankrupt deliver the Southlook and University Heights notes and deeds of trust because bankrupt pledged them as collateral security for the notes given as consideration for the El Monte property. The California Supreme Court has stated:
 "A pledge is a deposit of personal property as security (Civ.Code § 2986) and is dependent on possession, and is not valid until the property is delivered to the pledgee (Civ.Code § 2988)." Lilienthal v. Ballou 125 Cal. 183, 57 P. 897 (1899).
 Any pledge of the notes and deeds of trust to appellants was never completed, because the instruments were never delivered.
 Appellants contend that they attempted to complete the pledge by demanding delivery of the notes and deeds of trust at some time before bankrupt filed the Chapter XI petition. The record is ambiguous on this question. Mr. Leroy Starr, an appellant, stated in his affidavit as follows:
 ". . . I placed numerous calls to Farley Corporation prior to November, 1974 requesting that they forward the funds to me as they were my 'collecting agent'. Finally, I asked that they simply send me the trust deeds so that I could make my own collections. A letter to the same effect was sent to Farley from (my) Attorney Ronis, dated November 12, 1974."
 Accepting this statement as true for the purposes of this appeal, it is clear appellants orally demanded the Funds before the petition was filed. A written demand for the delivery of the two promissory notes was made only after the petition was filed. It is unclear, however, whether the Oral demand for the trust deeds referred to by Mr. Starr was made before or after November 6. There is insufficient evidence in the record to establish precisely when such oral demand was made. The lack of sufficient evidence on this point might be explained by the fact that appellants had not settled on their § 2223 theory in either the bankruptcy court or the district court below. Nonetheless, appellants did raise the issue in their brief on appeal to the district court and in their memorandum in opposition to appellees' motion for summary judgment.
 The determination of whether appellants' oral demand for delivery of the notes was made before or after the filing of the petition under Chapter XI is critical to the resolution of this dispute. If no demand was made prior to the filing of the petition, bankrupt, as debtor in possession, held the Southlook and University Heights notes and deeds of trust for the benefit of all its creditors. See 8 Collier on Bankruptcy PP 6.31-6.32 (14th ed. 1978). Pursuant to § 70(c) of the Bankruptcy Act, a debtor in possession or trustee, as a hypothetical lien creditor, is entitled to priority over an unperfected security interest in the debtor's property. 11 U.S.C. § 110(c). If appellants made no demand before bankrupt filed his petition, they had only an unperfected security interest in the Southlook and University Heights notes and deeds of trust. Demands for possession made subsequent to the filing of the petition would not defeat the priority of the debtor in possession. Any other rule would undermine the purpose behind providing priority to the trustee in bankruptcy as a hypothetical lien creditor, to protect the interests of all the bankrupt's creditors and prevent transfer of a disproportionate share of the bankrupt's property to one creditor. Cf. 11 U.S.C. § 107 (prohibiting certain transfers within specified time periods prior to filing of petition in bankruptcy). Thus, if no demand was made for possession of the notes prior to the filing of the petition under Chapter XI, the bankrupt did not wrongfully detain those instruments within the meaning of California Civil Code § 2223.
 If appellants demanded possession of the instruments themselves at some time before bankrupt filed the petition, it is possible that the bankrupt wrongfully detained those instruments, within the meaning of California Civil Code § 2223. The court expresses no opinion on whether bankrupt's failure to turn over such instruments on demand would be sufficient to establish such wrongful detention. That determination involves further factual questions which cannot be resolved based upon the record before this court.
 Finally, appellee argues that even if a constructive trust might otherwise be available, the policy of the Bankruptcy Act is adverse to the recognition of such a claim in bankruptcy where the party making such a claim failed to comply with available procedures for perfecting a legal lien. See In re Goodwin Corp., 87 F.2d 468, 470 (7th Cir. 1937); In re Matthews, 120 F.Supp. 818, 821 (S.D.Cal.1954); Empire Stevedoring Co. v. Oceanic Adjusting Ltd., 315 F.Supp. 921 (S.D.N.Y.1970). Whatever the validity of this argument in other contexts, it cannot apply when the party was prevented from taking possession and thus perfecting his legal lien by the very wrongful detention which is the grounds for the claim for relief based upon constructive trust. To hold otherwise would leave the parties in appellants' position no way to protect themselves short of filing an action to recover possession of the instruments.
 Therefore, because factual questions remain unresolved, we remand this case to the district court for further proceedings consistent with this Opinion.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Wm. Matthew Byrne, Jr., United States District Judge for the Central District of California, sitting by designation