In re Charles Wayne MILAM, Debtor.

TRUST COMPANY OF COLUMBUS,
Plaintiff,

v.

Charles Wayne MILAM, Debtor, and
Charles A. Gower, Trustee,
Defendants.

Bankruptcy No. 79–00657–COL.
Adversary No. 80–0064–COL.

United States Bankruptcy Court,
M. D. Georgia,
Columbus Division.

June 13, 1980.

William Alex Byars, Columbus, Ga., for defendant/debtor.

Thomas L. Thompson, Jr., Columbus, Ga., for plaintiff.

Charles A. Gower, Columbus, Ga., pro se.

## FINDINGS OF FACT

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

The parties have submitted this for decision on stipulated facts, which are attached hereto and made a part hereof. The Court is to determine whether or not the Trust Company of Columbus is a secured creditor. The Trust Company of Columbus, hereinafter "plaintiff," has a security interest in 401.52 shares of Fuqua Industries by reason of a security agreement between the debtor and the plaintiff. The question centers around whether or not plaintiff perfected its security interest. Herein, the Court finds that the security interest was not perfected and the plaintiff, therefore, is not a secured creditor. The Court further finds that the trustee shall retain the funds now in his possession which represent the 401.52 shares of stock.

## CONCLUSIONS OF LAW

Under the Uniform Commercial Code, Ga. Code Ann. Title 109A at § 109A–9–105, "instrument" is defined and certificates of stock are instruments. Instrument is defined at Ga.Code Ann. § 109A–9–105(1)(i) as follows:

"(i) 'Instrument' means a negotiable instrument (defined in section 109A–3–104), or a security (defined in section 109A–8–102) or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in ordinary course of business transferred by delivery with any necessary indorsement or assignment;"

Ga.Code Ann. § 109A–9–304(1) provides for the method of perfecting a security interest in instruments. It is as follows:

"(1) A security interest in chattel paper or negotiable documents may be perfected by filing. A security interest in money or instruments (other than instruments which constitute part of chattel paper) can be perfected only by the secured party's taking possession, except as provided in subsections (4) and (5) of this section and subsections (2) and (3) of section 109A–9–306 on proceeds."

■ By this section, the only method for perfecting a security interest in stock certificates is "by the secured party's taking possession." The facts in the instant case do not disclose that the plaintiff at any time took possession of the stock certificates. The only thing that plaintiff had in its possession was a paper entitled "Statement of Account" which shows "effective date 3–7–75." This statement of account is not the stock certificate, and by reason of the foregoing quoted section, cannot be substituted for possession of the stock certificates.

There being no recorded financing statement and the plaintiff not having taken possession of the stock certificates, the real issue in this case is whether or not the plaintiff can prevail by reason of Ga.Code Ann. § 109A–9–305, which provides that a security interest in instruments by reason of possession of the stock certificates in a bailee, namely, Fuqua Industries. That section is as follows:

"109A–9–305 When possession by secured party perfects security interest without filing

A security interest in letters of credit and advices of credit (subsection [2][a] of section 109A–5–116), goods, instruments, money, negotiable documents or chattel paper may be perfected by the secured party's taking possession of the collateral. If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee received notification of the secured party's interest. A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this Article. The security interest may be otherwise perfected as provided in this Article before or after the period of possession by the secured party." (Acts 1978, pp. 1081, 1106, eff. July 1, 1978.)

■ This section is of no help to plaintiff unless Fuqua Industries was the bailee of the plaintiff, and the facts disclose that Fuqua Industries was the bailee of the debtor and not of the plaintiff. Fuqua Industries could not serve as bailee of both the debtor and the plaintiff.

■ Even if we assume that Fuqua Industries could be the bailee of both the debtor and the plaintiff, there still remains the question, Did plaintiff give sufficient notification to Fuqua Industries of its security interest in the stock certificates? The stipulated facts show that plaintiff gave oral notice to Fuqua Industries.

Ga.Code Ann. § 109A–1–201(26) provides that a person gives a notification to another "by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." In the circumstances of the instant case, the oral notice to Fuqua Industries was not "such steps as may be reasonably required." Where Fuqua Industries was the bailee of the stock certificates for the debtor (bailor), and because plaintiff did not take possession of the stock certificates, the minimal step reasonably required would have been some form of written notice by the plaintiff and debtor (bailor) to Fuqua Industries (bailee) that the stock certificates were collateral for the loan of plaintiff to debtor.

The trustee quotes from two cases:

"The notice function of UCC § 9–305 would be defeated if the Debtor, or a

person under the Debtor's control, were left in possession of the collateral;" *Heinicke Instruments Company v. Republic Corporation*, 543 F.2d 700, 702 (9th Cir. 1976). 20 U.C.C.Rep. 1.

"Under the code, the only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." *Huffman v. Wikle*, 550 F.2d 1228, 1230 (9th Cir. 1977). 21 U.C.C.Rep. 887.

These cases give support to the conclusions reached herein.

## APPENDIX

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re | : | |
| CHARLES W. MILAM, | : | Case No.: 79–00657–COL |
| Debtor, | : | |
| TRUST COMPANY OF COLUMBUS, | : | Adversary Proceeding No.: 80–0064–COL |
| Plaintiff, | : | |
| vs. | : | |
| CHARLES A. GOWER, TRUSTEE, | : | COMPLAINT TO DETERMINE SECURED STATUS |
| and | : | |
| CHARLES W. MILAM, and CHARLES A. GOWER, TRUSTEE, | : | |
| Defendants. | : | |

### STIPULATION OF FACTS

CHARLES WAYNE MILAM, the above-named debtor, on May 20, 1978 executed a sixty day note in the amount of $8,500.00 in favor of TRUST COMPANY OF COLUMBUS and pledged as security for said note 401.52 shares of Fuqua Industries stock as evidenced by certificate number 07201 attached hereto. The certificate represents the shares of stock held by the debtor under a profit sharing plan as an employee of Fuqua Industries, Inc., and was not the actual stock certificate. The stock certificates were held by Fuqua Industries, Inc. No UCC recording was filed showing the security interest of the bank.

The note was renewed several times and reduced to a balance of $6,000.00 and at the request of the debtor on November 16, 1979 an installment note was entered into under the terms of which 36 installments of $202.15 per month were to be paid in order to liquidate the debtor's indebtedness to the bank.

Mr. Calvin A. Evans, Senior Vice-President of the bank, gave oral notice to Fuqua Industries, Inc., of the indebtedness of Charles Wayne Milam to the bank and the assignment of the Fuqua stock as security for the loan. The amount owed by the debtor to the bank is $7,277.40 which represents the $6,000.00 above referred to plus an interest charge of $1,277.40. The note evidencing this indebtedness is attached hereto.

On December 4, 1979, Charles Wayne Milam, filed his petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Georgia, Columbus Division, and a meeting of creditors pursuant to 11 U.S.C. 341(a) was held on January 14, 1980 at which meeting of creditors the debtor testified that in view of the bank's failure to record its security interest he took the position that the bank was an unsecured creditor and it was not his intention to reassume the obligation, redeem the obligation or surrender the security to the bank.

Upon information received by the bank that the debtor had left the employment of Fuqua Industries, Inc., and that the stock would be turned over to the debtor, the

bank requested the Trustee, Honorable Charles A. Gower, to take possession of the stock and hold same pending determination as to the secured status of the bank. In lieu of turning over the stock to the Trustee the monies realized by the debtor from the sale of the stock in the sum of $____ is now being held by the Trustee.

The bank filed its Complaint for Determination of Secured Status on March 4, 1980 naming as parties the debtor, Charles Wayne Milam and Charles A. Gower, as Trustee. An answer to the complaint was filed by the Trustee, Charles A. Gower on or about March 10, 1980, however, no answer was filed by the defendant-debtor until April 24, 1980 after having obtained permission from the Bankruptcy Court for the filing of a late answer.

The case is now pending before the court for determination.

The foregoing Stipulation of Facts are agreed to this, the 8th day of May, 1980.

S/ Thomas L. Thompson, Jr.

Thomas L. Thompson, Jr., Attorney for Trust Company of Columbus

S/ Alex Byars

Alex Byars, Attorney for Charles W. Milam

S/ Charles A. Gower

Charles A. Gower, Trustee