See also, 9 Cir., 550 F.2d 1228.

In re STAFF MORTGAGE & INVESTMENT CORPORATION, dba Sondo Diagnostic Corporation, and dba Century Seventy-Two Corporation.

Robert E. GREINER et al., Plaintiffs,

and

Port Arthur, Annette Shoemake, Sigurd M. Jensen, Stinne T. Jensen, Johnny Jensen, Doroth Veverka, Ray Healey and Ella A. Healey, Plaintiffs/Appellants,

v.

C. Douglas WILKE, etc., Defendants/Appellees.

No. 78–2755.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 1980.

Decided Aug. 11, 1980.

Isaac M. Pachulski, Stutman, Treister & Glatt, Los Angeles, Cal., for plaintiffs/appellants.

John J. Wilson, Hill, Farrer & Burrill, Los Angeles, Cal., for defendants/appellees.

Before PECK,* ANDERSON and FERGUSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Appellants appeal the district court's affirmance of the judgment entered by the bankruptcy court. We affirm.

## FACTS

The factual circumstances of this appeal are nearly the same as an earlier case, *In re Staff Mortgage & Investment Corp.*, 550 F.2d 1228 (9th Cir. 1977) (*Huffman v. Wikle*), involving the same bankrupt. Therefore, the facts will not be set forth in detail.

As a part of its business activity, the bankrupt, Staff Mortgage & Investment Corporation (Staff), would borrow money and execute its note to evidence the loan. To secure its loan, Staff would pledge one or more promissory notes secured by trust deeds which it had in its inventory. The promissory notes and trust deeds were assigned to the lenders. To effectuate the assignments, documents entitled "Collateral Assignment of Note" and "Corporation Assignment of Deed of Trust" were attached to the respective instruments. The "Corporation Assignment of Deed of Trust" was then recorded in the county wherein the real property covered by trust deed was located. The documents, except Staff's note to evidence the loan, remained in the possession and control of Staff.

Appellants are persons who had loaned money to Staff under the above-described procedures. When Staff went into bankruptcy, appellants sought to have the promissory notes and trust deeds turned over to them. The trustee in bankruptcy refused, and the appellants filed a "Complaint for Declaratory Relief" in bankruptcy court. They sought a declaration that (1) they held security interests in the promissory notes and trust deeds; (2) their security interests were superior to the trustee's interests in the notes and trust deeds; and (3) the trustee was required to assign the interest in the notes and trust deeds to the appellants.

The bankruptcy court determined that notes secured by the deeds of trust were unperfected security interests under the California Uniform Commercial Code § 9304(1). Thus the appellants' security interests in the notes secured by the deeds of trust were subordinate to the rights of the appellee trustee in bankruptcy. The bankruptcy court essentially relied upon previously-decided case of *Huffman v. Wikle*.

On appeal, the district court affirmed, stating that *Huffman v. Wikle* constituted the law of the case. The district court also stated that were it free to make a *de novo* ruling, it would not change the result.

## DISCUSSION

### Law of the Case

The district court stated that this court's prior decision in *Huffman v. Wikle* constituted the "law of the case" and that it was bound by that decision. The district court was correct that *Huffman* was a relevant

---

* The Honorable John W. Peck, Senior Circuit Judge, Sixth Circuit Court of Appeals, sitting by designation.

prior precedent; however, *Huffman* should have been followed under the doctrine of stare decisis and not the law of the case.

■ The law of the case concerns the continued application of a rule of law previously determined in that same case. *Fidelity & Deposit Co. v. Port of Seattle*, 106 F.2d 777, 781 (9th Cir. 1939). If a court determines, in litigation between P and D, that the applicable rule of law is that certain security interests are instruments, and they were not perfected, then this ruling is the "law of the case" for the P and D litigation. See, 1B Moore's Federal Practice ¶ .401 (2d Ed. 1974).

■ In litigation involving a bankrupt, a decision in one proceeding does not necessarily prevent the institution of a new proceeding involving the same issues. As stated by the court in *In re Peer Manor Bldg. Corporation*, 143 F.2d 769 (7th Cir. 1944):

"An involved debtor may successfully resist an attempt by its creditors to reorganize it under [Chapter X of the Bankruptcy Act]. The next day it may be subject to another petition seeking the same purpose. The petitioners, as here, may not be the same creditors. The debtor's situation may have changed. The evidence may not be the same. The relief sought in the new petition may be appropriate in the second application and yet the denial of relief in the first proceeding may also have been proper upon the showing made."

■ The present situation is similar. Both proceedings involved the same bankrupt and trustee in bankruptcy. The issues raised regarding security interests in notes secured by trust deeds were nearly identical. However, the proceedings were commenced by different plaintiffs, and the notes and trust deeds, while similar, were not the same. The separate proceedings did not constitute the same case; thus, the doctrine of the law of the case was not applicable. We, nevertheless, affirm as the district court stated it would have reached the same decision upon a *de novo* review, and the decision in *Huffman* controls the disposition of this case.

*Nature of the Security Interest*

■ In *Huffman*, this court determined that (1) the collaterals, notes secured by deeds of trust, used to secure Staff's promissory notes to the plaintiff were "instruments" under the California Commercial Code; (2) the failure of the plaintiffs to take possession of the collaterals caused the security interests to be unperfected under California Commercial Code § 9304(1); and (3) thus the trustee in bankruptcy took the collaterals free and clear of the plaintiffs' claims.

Appellants do not contend that the facts in this case are different in any relevant sense. Rather, they argue that *Huffman* was erroneously decided and should not be applied here. Appellants argue that the collateral packages of notes secured by trust deeds were general intangibles and not instruments as concluded in *Huffman*. They also contend that they should have been deemed to have constructively possessed the collaterals because (1) the recordation of the assignments of the trust deeds provided constructive notice of the assignment to all persons; and (2) the assignments executed by Staff were firmly stapled to the collateral notes and trust deeds.

■ In *Huffman*, we reversed the district court's determination that the plaintiff had constructive possession of the collaterals. The district court "placed reliance on the fact that the . . . collateral notes and trust deeds had been recorded in the county where the land was located. The court felt that this 'served as notice to all interested parties.'" *Id.* at 1230. However, we rejected that reasoning, stating that such notice was not the type of notice intended or provided by the California Commercial Code. Even the additional fact raised by appellants that the assignments were stapled to the collaterals does not change the result. Perfection of a security interest in an instrument can only occur with the actual possession of the instrument by the secured party or by an agent or bailee on his behalf. *Id.* at 1230; *In re Bruce Farley*

*Corporation*, 612 F.2d 1197, 1199–1200 (9th Cir. 1980). Had the legislature intended to allow perfection by methods proposed by appellants, they could have done so.

By holding in *Huffman* that the collateral packages of notes secured by trust deeds were instruments, we implicitly decided that the collaterals were not general intangibles.[1] The district court's discussion [2] (unpublished) of the issue provides ample bases for rejecting the appellant's characterization of the collaterals as general intangibles and we adopt its reasoning and conclusion.[3]

## CONCLUSION

The decision of the district court is

AFFIRMED.

---

1. The issue of whether the collaterals were general intangibles and not instruments was presented and considered in the petition for rehearing. The petition was summarily denied.

2. The district court stated that:

   "Uniform Commercial Code Comment 3 to § 9105 of the Code reads in part as follows: " 'The term ["instrument"] as defined in paragraph (1)(i) includes not only negotiable instruments and investment securities but also any other intangibles evidenced by writings which are in ordinary course of business transferred by delivery. . . .

   " 'The fact that an instrument is secured by collateral*, whether the collateral be other instruments, documents, goods, accounts or general intangibles, *does not change the character of the principal obligation as an instrument* or convert the combination of instrument and collateral into a separate Code classification of personal property. The single qualification to this principle is that an instrument which is secured by chattel paper is itself part of the chattel paper, while also retaining its identity as an instrument.' (Emphasis added)

   "The California District Court of Appeal described the attributes of a deed of trust in *Domarad v. Fisher & Burke, Inc., supra*: " '[A] deed of trust is a mere incident of the debt it secures and . . . an assignment of the debt "carries with it the security." [Citations omitted]; . . . a deed of trust is inseparable from the debt and always abides with the debt, and it has no market or ascertainable value, apart from the obligation it secures [citations omitted]; and . . . a deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and an attempt to assign the deed of trust without a transfer of the debt is without effect. [Citations omitted].' "

   "270 Cal.App.2d [543] at 553–54 [76 Cal. Rptr. 529] (footnote omitted). It is clear, therefore, that the collateral notes which were secured by the deeds of trust were the primary security for the promissory notes issued by the bankrupt to appellants, because the deeds of trust had no value and were not assignable apart from those collateral notes. Those collateral notes clearly fall within the definition of instruments in § 9105 of the Code, and the fact that they were themselves secured by the trust deeds brings them squarely within the emphasized portion of Comment 3, quoted *supra*.

   "Any remaining doubts as to the propriety of characterizing the collateral package as an instrument are set to rest by Uniform Commercial Code Comment 4 to § 9102 of the Code. That Comment contains a hypothetical which is instructive in its terminology.

   " 'The owner of Blackacre borrows $10,000 from his neighbor, and secures his note by a mortgage on Blackacre. This Article is not applicable to the creation of the real estate mortgage. Nor is it applicable to the sale of the note by the mortgagee, even though the mortgage continues to secure the note. However, *when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus created, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage. . . .* ' (Emphasis added).

   "The Comments to the Code thus expressly negate the idea that the collateral package herein may be characterized as general intangibles. *See also* Uniform Commercial Code Comment to Code § 9106 and Uniform Commercial Code Comment 1 to Code § 9305 for discussion of what constitutes general intangibles."

   (Record at 513–515).

3. In *Rucker v. State Exchange Bank*, 355 So.2d 171 (Fla.App. 1978), a collateral package of a note secured by a real estate mortgage was also considered. The court there ruled that the assignment of the real estate mortgage along with the note did not bring the real estate mortgage under the coverage of Article 9 of the Uniform Commercial Code. The court also determined that the recordation of the assignment of the mortgage gave constructive notice of the assignee's interest in the mortgage.

   While *Rucker* may be contrary authority, we are not convinced that it is the law in California. In any event, a three-member panel may not overrule a prior precedent. Absent a decision by an en banc panel of this court, or a decision by the Supreme Court of California that is contrary to *Huffman*, we are bound to follow that decision.