**In re Arthur ALLEN and Peggy Allen, Debtors.**

**Stanley W. FOGLER, Trustee, Appellee,**

v.

**CASA GRANDE COTTON FINANCE CO., an Arizona corporation, Appellant.**

**BAP No. AZ–90–1980–JVAs.**

**Bankruptcy No. B–88–3797–PHX–RGM.**

**Adv. No. 89–861.**

United States Bankruptcy Appellate Panel for the Ninth Circuit.

Argued and Submitted on Sept. 20, 1991.

Decided Dec. 4, 1991.

**374**

Kirk V. Karman, Casa Grande, Ariz., for appellant.

Don A. Beskrone, Phoenix, Ariz., for appellee.

### OPINION

Before JONES, VOLINN and ASHLAND, Bankruptcy Judges.

JONES, Bankruptcy Judge:

The bankruptcy court granted summary judgment for the bankruptcy trustee in an adversary suit asserting strong-arm powers, holding that a secured party had failed to perfect its security interest in a note and deed of trust by failing to take possession of the instruments. The secured party appeals. We reverse and remand.

### BACKGROUND

Debtors Arthur and Peggy Allen ("the Allens") owned a half-interest in certain real property in Maricopa County, Arizona. On June 25, 1986, the Allens sold their half-interest to the Krejci and Smets Partnership ("Partnership"), taking a note ("Note") in the amount of $570,000.00 as partial payment. The Note was secured by a Deed of Trust and Assignment of Rents ("Deed of Trust"). Under the Deed of Trust, the Partnership was the trustor, the Allens were the beneficiaries, and Title

U.S.A. Company of Arizona ("TCA")[1] was the trustee.

TCA was the collection agent for the Debtors in connection with the Note and Deed of Trust pursuant to an account servicing agreement dated July 1, 1986. Pursuant to the agreement, TCA took possession of the Note and Deed of Trust.

On August 5, 1986, the Allens assigned their interest in the Note and their beneficial interest under the Deed of Trust to Casa Grande Cotton Finance Company ("Casa Grande") through an Assignment of Beneficial Interest Under Deed of Trust ("Assignment"). The Assignment was delivered to TCA on the date of execution and recorded with the Maricopa County Recorder's Office on August 18, 1986.

After the Allens filed for bankruptcy, Casa Grande asserted its interest in the proceeds from the Note and Deed of Trust. The bankruptcy trustee, Stanley W. Fogler ("Fogler"), filed an adversary proceeding asserting his strong-arm powers pursuant to the United States Bankruptcy Code, 11 U.S.C. § 544 (1988) ("§ 544"). Fogler argued that Casa Grande never properly perfected a security interest in the Note and Deed of Trust. Fogler moved for and was granted summary judgment. Casa Grande appeals. We reverse and remand.

### ISSUES

To dispose of this appeal we must determine: (1) whether the Uniform Commercial Code ("UCC") applies in the instant case; (2) whether the UCC requires possession for perfection; and (3) whether Fogler met his burden of showing absence of material issues of fact and entitlement to judgment as a matter of law.

### STANDARDS OF REVIEW

Questions of law are reviewed *de novo*. *In re Daniels–Head & Assocs.*, 819 F.2d 914, 917 (9th Cir.1987). The granting of summary judgment is reviewed *de novo*.

---

**1.** Formerly U.S. Life Title Company of Arizona, now United Title Agency of Arizona, Inc., an  Arizona corporation.

*Huber v. Standard Ins. Co.*, 841 F.2d 980, 983 (9th Cir.1988).

The existence of a contract or agency relationship is a question of fact under Arizona law. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 542, 647 P.2d 1127, 1140 (1982), *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). On appeal from summary judgment, we view the facts in the light most favorable to the appellant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Martinez v. Asarco Inc.*, 918 F.2d 1467, 1469 (9th Cir.1990).

## DISCUSSION

The bankruptcy trustee, as hypothetical lien creditor, has the power to avoid unperfected security interests under § 544. Fogler argues that Casa Grande failed to take possession of the Note and Deed of Trust and thereby failed to perfect pursuant to Ariz.Rev.Stat.Ann. § 47–9304(A) (1988) ("A.R.S."), which reads in part: "A security interest in money or instruments ... can be perfected only by the secured party's taking possession [of the collateral]."

Casa Grande argues that it perfected its security interest in the Note and Deed of Trust by recording pursuant to Arizona real property law, and that the UCC possession requirement is inapplicable under the instant facts. Even though Casa Grande is wrong on these points, there are factual issues raised by A.R.S. § 47–9305 which preclude the granting of summary judgment against Casa Grande on the issue of perfection.

### *Whether the UCC Applies*

■ The Uniform Commercial Code has been adopted in Arizona. A.R.S. § 47–1101. Article 9 generally does not apply to the "creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder." A.R.S. § 47–9104(10). But there are several exceptions to this rule, notably Comment 4 to U.C.C. § 9–102 which makes Article 9 applicable to "realty paper." The following is a simplification of the illustration from Comment 4:

> X mortgages his real estate to Y. Y gives X's note and the real estate mortgage to Z as security for a loan. Article 9 does not apply to the mortgage transaction between X and Y, but it does apply to the transaction between Y and Z.

The Y and Z transaction in the illustration is identical to the instant facts, showing that Article 9 applies in the instant case.

### *What the UCC Requires for Perfection*

■ Because the instant transaction includes two instruments, (1) a note (usually perfected by possession), and (2) a deed of trust (usually perfected by recording), some courts have been confused as to how to achieve perfection. The note appears to be merely "realty paper," while the deed of trust appears to be a legitimate "realty interest." One court found that the note was perfected by possession under the UCC, while the deed of trust was perfected by recording under state law. *In re Maryville Sav. & Loan Corp.*, 743 F.2d 413 (6th Cir.1984), *supplemented in*, 760 F.2d 119 (6th Cir.1985). This result produces the worst of both worlds according to one commentator.[2]

The better approach is to require no action to be taken with regard to the deed of trust, but instead to concentrate on the note.[3] Promissory notes are instruments.[4] Security interests in instruments can only be perfected by possession. A.R.S. § 47–9304(A); *In re Staff Mortgage & Inv. Corp.*, 550 F.2d 1228, 1230 (9th Cir.1977)

---

**2.** *See* 2 James J. White & Robert S. Summers, *Uniform Commercial Code* § 23–7 at 270–72 (3rd ed. 1988).

**3.** 2 White & Summers, *supra* note 2, at 271; *In re Kennedy Mortgage Co.*, 17 B.R. 957, 965 (Bankr.D.N.J.1982) (the mortgage without the debt is of no effect); *In re Atlantic Mortgage Corp.*, 69 B.R. 321, 325 (Bankr.E.D.Mich.1987).

**4.** *In re Staff Mortgage & Inv. Corp.*, 625 F.2d 281, 284 (9th Cir.1980); *In re Bruce Farley Corp.*, 612 F.2d 1197, 1199–1200 (9th Cir.1980).

(recording of an assignment in instruments is not enough to perfect).

### Possession

Casa Grande never had physical possession of the Note and Deed of Trust. TCA had physical possession. Even so, Casa Grande could argue that it obtained "constructive" possession [5] (possession by a bailee or an agent) through TCA pursuant to A.R.S. § 47–9305:

> If [a security interest in instruments] is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest. . . .

Comment 2 to § 9–305 adds:

> Possession may be by the secured party himself or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party. . . .

### Bailment and Agency

Thus, § 47–9305 allows for two forms of "constructive" possession: (1) through a bailee, or (2) through an agent. However, courts vary in the legitimacy they lend to the different forms. 2 White & Summers, *supra* note 3, § 24–12 at 352 n. 10. Some courts require that the holder of the instruments be within the secured party's exclusive control.[6] Other courts are satisfied by a showing that the holder is not within the debtor's exclusive control,[7] so long as the holder has notice of the secured party's interest. Arizona falls into the latter category.[8]

Under Arizona law, a bailee is neither under the debtor's nor the secured party's exclusive control, but acts more like an escrow.[9] Under facts substantially identical to those in the instant case, the Arizona Court of Appeals in *Mur–Ray Management Corp. v. Founders Title Co.*[10] reversed a grant of summary judgment against a secured party, finding that a title company acting as servicing agent pursu-

---

**5.** Possession, a slippery term with roots in age-old property law, is never defined in the UCC. 2 White & Summers, *supra* note 2, § 24–12 at 350. The Ninth Circuit has held that only "actual" possession will suffice to satisfy UCC § 9–305, and that "constructive" possession is not enough. *Staff Mortgage*, 550 F.2d at 1230. Nevertheless, the *Staff Mortgage* court allowed "actual" possession to be achieved by an agent or a bailee. *Id.* Other courts refer to this kind of "actual" possession as "constructive" possession. *See* text accompanying note 10, *infra*.

**6.** 9 Ronald A. Anderson, *Anderson on the Uniform Commercial Code* § 9–305:8 at 119 n. 5 (1985) (citing *Transport Equip. Co. v. Guaranty State Bank*, 518 F.2d 377 (10th Cir.1975) (only absolute control by the secured party gives notice to the world that the debtor does not have full use of the collateral)); *In re Dolly Madison Indus., Inc.*, 351 F.Supp. 1038, 1042 (E.D.Pa. 1972) (pledgee must have absolute dominion and control over the property), *aff'd*, 480 F.2d 917 (3rd Cir.1973); *but see Appeal of Copeland*, 531 F.2d 1195, 1204–05 (3rd Cir.1976) (distinguishing *Dolly Madison* on its facts); *see also In re Dillon*, 18 B.R. 252 (Bankr.E.D.Cal.1982).

**7.** Possession gives notice of an interest in collateral, while non-possession makes an alleged interest suspect. 2 White & Summers, *supra* note 2, § 24–12 at 347. Possession by a third party, and perhaps more importantly lack of possession by the debtor, gives notice to potential creditors that the debtor's interest in the collateral may be restricted. An independent third party possessor will not automatically be regarded as an instrumentality or agent of the debtor. *Copeland*, 531 F.2d at 1204–05; *In re Van Kylen*, 98 B.R. 455, 467 (Bankr.W.D.Wis. 1989).

**8.** Fogler argues that Casa Grande must have an express contract in order to create the requisite agency relationship under Arizona law. However, the only Arizona law on point produced by either party is *Mur–Ray Management Corp. v. Founders Title Co.*, 819 P.2d 1003, 1008 (Ariz.Ct. App.1991) (citing *Copeland*, 531 F.2d 1195, 1204). *Mur–Ray* holds that § 47–9305 perfection can be achieved through a bailee with notice. *See* note 10, *infra*.

**9.** An escrow agent serving both parties can qualify as a bailee/agent under UCC § 9–305. *In re Cedar Rapids Meats, Inc.*, 121 B.R. 562, 571 (Bankr.N.D. Iowa 1990) (citing *Copeland*, 531 F.2d at 1203–04); *see also In re Rolain*, 823 F.2d 198, 199 (8th Cir.1987); *In re O.P.M. Leasing Servs., Inc.*, 46 B.R. 661, 670 (Bankr. S.D.N.Y.1985).

**10.** *See supra* note 8; *see also Arizona Farmers Prod. Credit Ass'n v. Northside Hay Mill Trading Co.*, 153 Ariz. 333, 334–35, 736 P.2d 816, 817–18 (Ct.App.1987); *Copeland*, 531 F.2d at 1204; *In re Nichols*, 88 B.R. 871, 876 (Bankr.C.D.Ill.1988).

ant to an escrow agreement with a debtor, with notice of the assignment to the secured party, was an independent bailee. The *Mur–Ray* court found that the title company's notice of the assignment was evidence that it was not wholly controlled by the debtor. *Mur–Ray,* 819 P.2d at 1008.

## Control

■ On motion for summary judgment, the moving party has the burden to show absence of material issues of fact and entitlement to judgment as a matter of law. *E.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). But Fogler failed to present any evidence [11] to show who controlled TCA as a matter of fact. Furthermore, pursuant to *Mur–Ray* and the cases cited by it, Fogler was required to show that the Allens had exclusive control over TCA in order to meet both prongs of his burden on motion for summary judgment. Absent such a showing, and in light of Fogler's admission that the Assignment was delivered to TCA thereby creating "a reasonable inference that the title company was not controlled by the debtor alone," a triable issue remains and the motion for summary judgment should have been denied. *See Mur–Ray,* 819 P.2d at 1008.

## CONCLUSION

Accordingly, we reverse the judgment of the bankruptcy court and remand for further proceedings consistent with this opinion.

---

**11.** The issue of bailment was not addressed by the parties, and the bankruptcy court below made no findings of fact or conclusions of law with respect to it.