**In re INVESTORS & LENDERS, LTD., et al., Debtors.**

**Bankruptcy No. 92–30754.**

United States Bankruptcy Court, D. New Jersey.

June 30, 1993.

under the plan on account of such claim property of a value, as of the effective date of the plan, that is not less than the value of such holder's

interest in the estate's interest in the property that secures such claims." (emphasis added).

Michael J. Lerner, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for Official Committee of Unsecured Creditors.

Gary M. Weiss, Matawan, NJ, for William Kander.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by the Official Committee of Unsecured Creditors of Investors & Lenders Ltd. (hereinafter "creditors committee"), to avoid liens asserted by creditor William Kander (hereinafter "Kander") upon two promissory notes held by the debtor, to preserve said liens for the benefit of the estate and to declare Kander's claim to be unsecured. This court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (0). For the reasons which follow, the motion is granted. This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

The facts are undisputed. On February 7, 1992, Investors & Lenders, Ltd. (hereinafter "I & L"), Little Mortgage Co., Investors & Lenders Realty Corp. and Jay P. Okun filed petitions for relief under chapter 11 of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). On April 6, 1992, an order was entered substantively consolidating these cases. On June 15, 1993, the joint plan of reorganization of the debtor and the creditors committee was confirmed.

In or about November 1989, Kander made a loan of $94,000 to I & L. As security for the loan, Kander received an assignment of two mortgages held by I & L as mortgagee on real property known as 2123 Lucas Avenue, Chesilhurst, New Jersey (the "Chesilhurst property") and 115 Plum Street, Pemberton, New Jersey (the "Pemberton property"). On June 15, 1992, Kander filed a proof of claim against the debtor for $96,409.92. The mortgage on the Chesilhurst property has been satisfied, and the proceeds of $30,784.45 are being held in escrow pending the outcome of this motion. The record does not reflect the status of the mortgage on the Pemberton property or the amount due thereon.

When Kander received the assignment from the debtor of its mortgages on the subject properties, he did not obtain possession of the promissory notes to the debtor which the mortgages secured. He does, however, have possession of copies of the notes. The creditors committee filed the subject motion for a determination that Kander has no lien because he did not obtain possession of the promissory notes in question. Kander argues that because he recorded the assignments of the subject mortgages, his lien on the underlying notes has been perfected. In the alternative, Kander argues that he perfected a security interest in the notes by obtaining possession of copies of the notes.

### CONCLUSIONS OF LAW

#### I.

Code section 1107(a) grants a debtor in possession all the rights and powers of a bankruptcy trustee, with exceptions not pertinent here. Code section 544(a)(1) provides that the trustee may "avoid" or set aside any transfer of property of the debtor that is voidable by a hypothetical creditor who extends credit at the commencement of the case and obtains a judicial lien on all available property of the debtor. Code section 544(a)(2) provides that the trustee may avoid any such transfer that is avoidable by a hypothetical creditor that extends credit at the commencement of the case and obtains an execution against the debtor that is returned unsatisfied at such time. If Kander's security interest in the notes was not properly perfected, the debtor in possession can therefore avoid such liens under Code sections 544(a)(1) and/or (a)(2). *Matter of Blease*, 605 F.2d 97, 99 (3d Cir.1979); *In re Italiano*, 66 B.R. 468, 478 (Bankr.D.N.J.1986). The creditors committee has been authorized by prior order to challenge liens in lieu of the debtor and on behalf of the estate. Code section 551 provides that any liens avoided under Code section 544 are preserved for the benefit of the estate, which means that the estate succeeds to the rights of the holder of the avoided liens, and junior lienholders do not move up

in priority as a result of such avoidance. *In re Van DeKamp's Dutch Bakeries,* 908 F.2d 517, 519 (9th Cir.1990); *In re Milcher,* 86 B.R. 103, 104–05 (Bankr.W.D.Mich. 1988).

## II.

Perfection of a security interest is governed by state law. *In re Bristol Assocs., Inc.,* 505 F.2d 1056, 1059 (3d Cir. 1974). A promissory note is an "instrument" as defined by the New Jersey Uniform Commercial Code. N.J.S.A. §§ 12A:9–105(1)(g) and 12A:3–104(2)(d); *In re Kennedy Mortgage Co.,* 17 B.R. 957, 963 (Bankr.D.N.J.1982). With exceptions not pertinent here, a security interest in instruments can be perfected only by the secured party's taking possession. N.J.S.A. § 12A:9–304(1). Therefore, a security interest in a promissory note can only be perfected by taking possession of the note. *Securities and Exchange Comm'n,* 953 F.2d 1560, 1580 (11th Cir.1992); *In re Bruce Farley Corp.,* 612 F.2d 1197, 1199 (9th Cir.1980); *Kennedy,* 17 B.R. at 963. An assignment of a mortgage without a transfer of possession of the underlying note does not perfect a security interest in the note. *Securities and Exchange Comm'n v. Elliott,* 953 F.2d at 1581; *Kennedy,* 17 B.R. at 965. It follows that Kander's recordation of the assignments to him of the subject mortgages without possession of the notes did not perfect a security interest in the notes.

## III.

Kander argues in the alternative that possession of copies of the notes perfects a security interest in the notes. No reported decisions have addressed this argument.

The purpose of the requirement of possession of a note to perfect a security interest therein is to provide notice that the note is incumbered. *Allegaert v. Chemical Bank,* 657 F.2d 495, 506 (2d Cir.1980). "[T]he only notice sufficient to inform all interested parties that a security interest in instruments has been perfected is actual possession by the secured party, his agent or bailee." *Matter of Staff Mortgage & Inv. Corp.,* 550 F.2d 1228, 1231 (9th Cir. 1977). To hold otherwise would permit a dishonest holder-mortgagee to assign the note and mortgage to one party, and then negotiate the note to a different party. *In re Maryville Sav. and Loan Corp.,* 27 B.R. 701, 707–08 (Bankr.E.D.Tenn.1983), *rev'd,* 31 B.R. 597 (E.D.Tenn.1983), *rev'd and remanded,* 743 F.2d 413 (6th Cir.1984).

Because the debtor retained possession of the original notes, the debtor is the "holder" of the notes. N.J.S.A. § 12A:1–201(20). The holder of an instrument may transfer or negotiate it. N.J.S.A. § 12A:3–301. Transfer of an instrument vests the transferor's rights in the transferee, unless the transferee is party to a fraud. N.J.S.A. § 12A:3–201(1). Negotiation is a form of transfer which makes the transferee the holder. N.J.S.A. § 12A:3–202(1). Because the debtor has had possession of the original notes at all relevant times, the debtor could have transferred the notes to someone other than Kander at any time after the loan from Kander and assignment of mortgages to Kander. Such transferee would not have notice of Kander's alleged security interest in the notes because only actual possession provides such notice. *Staff Mortgage and Inv. Corp.,* 550 F.2d at 1231. Kander's possession of copies of the notes would in no way prevent transfer of the originals without notice of Kander's interest to the transferee, or provide notice of Kander's interest to such transferee. Possession of copies therefore fails to satisfy the notice purpose of the possession requirement.

## IV.

For the foregoing reasons, the court concludes that Kander's security interest in the notes has not been perfected and can be avoided by the creditors committee on behalf of the estate under Code section 544(a). The lien is preserved for the benefit of the estate under Code section 551. Kander's claim is unsecured. In sum, the motion is granted in its entirety.

The creditors committee shall submit an order within five days under the District of New Jersey's Local Bankruptcy Rule 4(d).