**In re Gary Wayne LYNUM, Debtor.**

**Bankruptcy No. 99–52599.**

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

March 24, 2000.

---

Robert J. Brown, Trustee, Lexington, KY, pro se.

Bernard S. Lewis, Louisville, KY, for M & T Financing, Inc.

### MEMORANDUM OPINION AND ORDER

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the Motion for Relief From Stay and for the Trustee to Abandon Property of the Estate filed on January 20, 2000, by M & T Financing, Inc. ("M & T"), a creditor, and the Objection of Trustee to Motion for Relief from Stay filed on January 24, 2000. The matter has been heard by the Court and both M & T and the trustee have filed memoranda in support of their respective positions, and the matter is ripe for decision.

The parties appear to agree as to the pertinent facts. The debtor had given a security interest in his 1996 Rinker Siesta boat to National City Bank ("NCB"), successor to First of America, another creditor. The debt owing to this creditor was in the amount of $33,942.34, representing the balance due on a note and security agreement executed on May 13, 1998. NCB did not properly perfect its lien. The debtor then became indebted to M & T on December 4, 1998, in the sum of $50,000.00. To secure this commercial loan, the debtor gave M & T a security interest in the boat. M & T properly perfected its security interest by filing it with the appropriate authority. Its lien is noted on the boat's Certificate of Title.

NCB had filed a Motion for Termination of Automatic Stay and for Abandonment of Property on December 15, 1999, and the trustee filed an Objection to the Motion on December 16, 1999, and asked that the motion be denied and that NCB's unperfected lien be avoided and preserved for the benefit of the estate. The trustee has not filed an adversary proceeding in this regard. A hearing was conducted on NCB's Motion for Termination of Automatic Stay on January 6, 2000, and NCB withdrew its Motion. Thereafter M & T filed its Motion for Relief and the trustee filed his Objection, as set out above.

The trustee takes the position that M & T should not be granted relief from the stay because its lien is "junior" to that of NCB. He appears to base this determination on the fact that NCB acquired a security interest in the subject boat before M & T did. He asserts that if he filed an adversary proceeding to avoid NCB's lien, he would be in a position superior to that of M & T. Analysis of this issue will demonstrate that the trustee's argument is incorrect.

In *In re Bell*, 194 B.R. 192 (Bkrtcy.S.D.Ill.1996), the court set out the basic approach to lien avoidance and considerations of lien priority:

> Section 544(a)(1) provides that a bankruptcy trustee acquires, as of the commencement of a case, the status of a hypothetical judicial lien creditor and "may avoid" any lien or encumbrance on property of the debtor that is voidable by such a creditor under state law. Under this provision, federal and state law work in tandem. First, the substance of the trustee's rights as judicial lien creditor—primarily the priority of his claim in relation to other interests in the prop-

erty—is determined by reference to state law.

At 195. On the date of the filing of the petition in this case, November 10, 1999, the trustee therefore became a judgment lien creditor. 11 U.S.C. § 544(a). *Matter of Quality Holstein Leasing,* 752 F.2d 1009 (5th Cir.1985). Under Kentucky law, an **unperfected** security interest is subordinate to the rights of a subsequent lien creditor. KRS 355.9–301(1)(b). A lien creditor includes a trustee in bankruptcy. KRS 355.9–301(3).

■ In *South Bay Enterprises, Inc. v. Mirada Bay Petroleum, Inc.,* 957 S.W.2d 287 (Ky.App.1997), the court defined the position of a lien creditor under KRS 355.9–301(b), stating that it:

governs the rights of lien creditors as against unperfected secured parties competing for collateral. KRS 355.9–301 states in pertinent part:

Except as otherwise provided in subsection 2 of this section, an unperfected security interest is subordinate to the rights of:

. . . .

(b) A person who becomes a lien creditor before the security interest is perfected. KRS 355.9–301(3) defines a "lien creditor" as: a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes . . . . a trustee in bankruptcy from the date of filing of the petition. . . .

In D. Leibson & R. Nowka, The Uniform Commercial Code of Kentucky, § 10.4(B)(1) (2d ed.1992), the authors explain that "[A] person who becomes a lien creditor before a security interest is perfected will defeat the security interest even if the lien creditor has knowledge of the security interest."

At 288. The security interest the debtor granted to NCB is unperfected and, by virtue of 11 U.S.C. § 544(a), the trustee, having the lien of a hypothetical judgment lien creditor, prevails against NCB under

Kentucky law. Further, once a lien is avoided pursuant to § 544, it is automatically preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

■ A **perfected** security interest is not, however, subordinate to the rights of a subsequent judgment lien creditor. KRS 355.912(5)(a) states as follows:

(5) In all cases not governed by other rules stated in this section (including cases of purchase money security interests which do not qualify for the special priorities set forth in subsections (3) and (4) of this section), priority among conflicting security interests in the same collateral shall be determined according to the following rules:

(a) Conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time a filing is first made covering the collateral or the time the security interest is perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.

This provision makes it clear that the fact that the trustee could avoid NCB's lien and preserve it for the benefit of the estate does not mean he would prevail over M & T, which has the prior and superior lien on account of its properly perfected security interest versus the trustee's prior in time but unperfected lien.

■ The trustee, however, not only ignores the effect of failure to perfect a lien on priority, he misapprehends the concept of priority. He talks about the "validity" of a lien as between the debtor and creditor, regardless of the state of perfection, being determinative of whether a lien is prior and superior. Any properly executed security agreement is valid as between the debtor and the creditor, whether or not it is perfected. Concerns about priority arise in the context of the rights of **third parties** in the collateral. This is where KRS 355.9–312(5)(a) comes in. The trustee cannot escape the consequences of this section.

All the cases cited by M & T support its position, that because it had the prior **perfected** lien, it prevails. Even cases cited by the trustee support this position. For example, in *In re Fowler*, 201 B.R. 771 (Bkrtcy.E.D.Tenn.1996), the court stated that "the preservation of an unperfected security interest will not enable the estate to defeat a secured creditor's perfected lien." At 781. Some of the cases cited by the trustee do not speak to the issue of a perfected lien competing with the unperfected lien avoided by the trustee. *See, e.g., In re Double J Cattle Co.*, 203 B.R. 484 (Bkrtcy.D.Wyo.1995), and *In re Peregrine Entertainment, Ltd.*, 116 B.R. 194 (C.D.Cal.1990). The trustee's position, after the avoidable lien is avoided and he is substituted into the position of the creditor holding the avoided lien, must still be measured against any unavoided security interests under state law. When that is done here the trustee does not prevail.

In consideration of all of the foregoing, it is the opinion of this Court that M & T's Motion for Relief From Stay and for the Trustee to Abandon Property of the Estate should be sustained, and the Objection of Trustee to Motion for Relief from Stay should be overruled. It is hereby so ORDERED.